

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL.-

Honorable Walter Cousins, Jr., Secretary
Texas Board of Pharmacy
911 Insurance Building
Dallas, Texas

Dear Sir:

Opinion No. O-5708
Re: Whether the Texas Board of
Pharmacy, under the provi-
sions of Section 9, Article
4542-a, V.A.C.S., is author-
ized to grant reciprocity,
and related questions.

We have your letter reading in part as follows:

"We have a problem confronting us regarding
reciprocity with persons licensed in other States.
We would like to have an opinion from your Depart-
ment for our guidance.

"Article 4542-a, Section 9, Revised Civil Stat-
utes of Texas, provides the subjects of examination,
qualifications and provisions concerning recipro-
city. Since June 12, 1934, every application for
examination and registration as a pharmacist in
Texas, under the Texas statutes, must be a graduate
of a recognized college of pharmacy. Persons reg-
istered in another State prior to the above date
have been able to secure reciprocal registration
in Texas, if their qualifications at the time of
registration would admit them to examination and
registration in Texas at that time.

"There are many persons registered under the
laws of New Mexico who have applied to Texas for
reciprocity, and, since the New Mexico laws regulat-
ing the practice of pharmacy do not have the same

Honorable Walter Cousins, Jr., page 2

prerequisites as the laws of Texas, and since some
of the persons licensed in the State of New Mexico
studied in 'cram' schools or served apprentice-
ships under licensed pharmacists and later took
the examination and were admitted as licensed
pharmacists in the State of New Mexico; and others
took their pharmaceutical education by correspond-
ence or extension work, we would like to know if
under Section 9 of Article 4542-a, Revised Civil
Statutes of Texas, this Board has the right to grant
reciprocity, since our law states:

"'Provided that the State Board of Pharmacy
may, in its discretion, upon the payment of Twenty-
five ($25.00) Dollars, grant a license to practice
pharmacy to persons who furnish proof that they
have been registered as such in some other State
or Territory, and that they are of good moral char-
acter.  Provided that such other Board in its
examination requires the same general degree of
fitness required by this State and grants the same
reciprocal privileges to pharmacists of this State.'

"In term 'the same general degree of fitness',
set forth above, what is meant by 'same general de-
gree of fitness'?

". . . ."

Since the Legislature in 1943 amended the statutes
regulating the practice of pharmacy in Texas, it is made en-
tirely clear by Section 9 that every person desiring to prac-
tice pharmacy in the State of Texas shall be required to pass
the examination given by the State Board of Pharmacy.  This
Section of the Act sets forth in specific detail the necessary
qualifications of an applicant for such examination.  These re-
quirements are:  (1) that the applicant has obtained the age
of 21 years;  (2) is of good moral character;  (3) is a citi-
zen of the United States;  (4) is a graduate of a first class
high school or has a preliminary education equivalent thereto
that would permit matriculation in the University of Texas; and
(5) that he has attended and graduated from a reputable school
or college of pharmacy which meets with the requirements of the

Board. In addition to this, he shall have had one year of practical experience in a retail pharmacy under the direct supervision of a registered pharmacist. A reputable or recognized school or college of pharmacy is defined as one whose course of instruction shall be the equivalent of not less than four terms of eight months each, all of which shall be approved by the Board. The statute further outlines the courses of study which shall be covered by the examination.

There is a specific provision in this Section of the Act however giving the Board the discretion to grant a license to practice pharmacy to a person who furnishes proof satisfactory to the Board that he has been registered in some other State or territory. This discretion of the Board however is conditioned with the requirement, first, that the applicant shall be of good moral character and, second, that the Board shall require of the applicant the same general degree of fitness that is required of an applicant to take the examination in this State.

One of the obvious purposes of the amended law is to raise the standards of the profession in this State. In carrying out the purposes and objects of the law it seems clear that it would be the duty of the Board to measure the qualifications of an applicant registered in another State by the same general standards that are applied to those desiring to take the examination in this State. It is our opinion, therefore, that the clause, "the same general degree of fitness" used in the Act, means just that. Out-of-state licensees in order to qualify in Texas must measure up to all the standards that are imposed upon all other applicants for examination to practice pharmacy in Texas. Of course, there is the other requirement that the applicant must be licensed by a State reciprocating with Texas in this regard.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Elbert Hooper_
Elbert Hooper
Assistant

APPROVED OPINION COMMITTEE

EH:db